**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

SAMANTHA S.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

No. 25-cv-1095

**OPINION & ORDER**

**CECCHI, District Judge.**

Before the Court is Samantha S.'s[1] ("Claimant") appeal of a final decision by the Commissioner of Social Security (the "Commissioner"), specifically an Administrative Law Judge's ("ALJ") decision to deny her application for disability insurance benefits pursuant to Title II of the Social Security Act ("SSA"). ECF No. 1. The appeal is fully briefed, *see* ECF No. 10 ("Claimant Br."); ECF No. 12 ("Comm'r Br."); ECF No. 13 ("Reply Br."), and the Court decides it without oral argument, Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons stated below, the Court will affirm the ALJ's decision.

**I.      BACKGROUND**

Claimant is a 46-year-old[2] female with an associate's degree. ECF No. 5 ("R.") at 18, 24, 49, 988. She previously worked as a payroll clerk, accounting clerk, bookkeeper, and bank teller.

---

[1] Pursuant to the District's standing order regarding party identification in social security cases, any non-governmental party will be identified and referenced solely by first name and last initial. D.N.J. Standing Order 2021-10; *see, e.g.*, *Sheila B. v. Comm'r of Soc. Sec.*, No. 24-9090, 2025 WL 2588983 (D.N.J. Sept. 8, 2025); *Betty J. v. Comm'r of Soc. Sec.*, No. 24-4942, 2025 WL 2414747 (D.N.J. Aug. 21, 2025).

[2] Claimant was 43 years old "on the date last insured," R. at 23, and was 38 years old when she first applied for Title II disability.

*Id.* at 23.  On November 2, 2018, Claimant applied for Title II disability benefits based on the following conditions: lumbar fusion with persistent pain and cervical fusion with numbness and tingling.  *Id.* at 18, 103, 384.  In her application, Claimant asserted that these conditions "affecte[ed] her abilities to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, remember, complete tasks, concentrate, and use hands." *Id.* at 18.  After a hearing on April 16, 2021, *id.* at 72, Claimant's application was denied on initial review, but the Appeals Council directed the ALJ "to give the claimant an opportunity to examine and comment on the evidence that was obtained after the hearing," *id.* at 10.  On remand from the Appeals Council, the ALJ "held a telephone hearing" on February 13, 2024—at which Claimant testified—and then denied Claimant's application again on March 11, 2024.  *Id.* at 5–25.  Claimant again sought review by the Appeals Council, which "found that the reasons [Claimant asserted] do not provide a basis for changing the [ALJ]'s decision." *Id.* at 1.  Plaintiff then brought this appeal on February 7, 2025.  ECF No. 1.

## II.    LEGAL STANDARD

### A.    Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g), 1383(c)(3).  The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations," but must give deference to the Commissioner's administrative findings. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also* 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence.  *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted).  Substantial evidence is more than a mere scintilla and is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Chandler*, 667 F.3d at 359 (citations omitted).  If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the

2

possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Daniels v. Astrue*, No. 08-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. *See Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007).

### B.      Determining Disability

In order to be eligible for benefits under the SSA, a claimant must show she is disabled by demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Considering the claimant's age, education, and work experience, disability is evaluated by the claimant's ability to engage in her previous work or any other form of substantial gainful activity existing in the national economy. *Id.* §§ 423(d)(2)(A); 1382c(a)(3)(B). A claimant is disabled only if her physical or mental impairments are "of such severity that she is not only unable to do her previous work, but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B).

Decisions regarding disability are made individually and are "based on evidence adduced at a hearing." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (citing *Heckler v. Campbell*, 461 U.S. 458, 467 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are

3

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(a)(3)(D).

### C.       Sequential Evaluation for a Continuous Disability

The Social Security Administration follows a five-step, sequential evaluation to determine whether a claimant is disabled under the SSA. 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Sykes*, 228 F.3d at 262. Second, if the claimant is not engaged in such activity, the ALJ determines whether the claimant has any impairments severe enough to limit her ability to work. *Id.* Third, if she has any severe impairments, the ALJ considers the medical evidence to determine whether the impairment or combination of impairments is included in 20 C.F.R. Part 404, Subpt. P, App. 1 (the "Listings"). If the claimant's impairments medically equal one of the Listings, this results in a presumption of disability. *Sykes*, 228 F.3d at 262. If the impairments are not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains despite her impairments. *Id.* at 263. Fourth, the ALJ must consider whether the claimant's RFC is adequate to perform her past relevant work. *Id.* Fifth, if her RFC is not sufficient to perform past work, the ALJ must determine whether there is other work in the national economy the claimant can perform. *Id.*

The evaluation continues through each step unless it is ascertained at any point that the claimant is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the ultimate burden of establishing steps one through four of this test. *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201–02 (3d Cir. 2019). The burden shifts to the Commissioner at step five to prove that the claimant can perform a job that exists in the national economy. *Ramirez v. Barnhart*, 372 F.3d 546, 555 (3d Cir. 2004).

## III.    DISCUSSION

On appeal, Claimant presents the following issue for this Court's review: whether the "ALJ failed to perform an evaluation of [Claimant's] subjective complaints." Claimant Br. at 1. For the reasons stated below, the Court finds no error and will affirm the ALJ's decision.

### A.    The ALJ's Decision

After considering the evidence and following the five-step analysis outlined in 20 C.F.R. § 404.1520(a), the ALJ found that Claimant was not disabled during the relevant period. R. at 25. At step one, the ALJ found that there had "been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity." *Id.* at 13. At step two, the ALJ found that Claimant had the following severe impairments: "spine disorder; internal derangement of bilateral knees and right knee osteoarthritis; bilateral hips osteoarthritis; depressive disorder; [post-traumatic stress disorder ("PTSD")]; and morbid obesity, status post remote history of gastric bypass." *Id.* At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listings. *Id.* at 14. The ALJ then determined that Claimant had an RFC to perform light work as defined in 20 C.F.R. 404.1567(b), except that:

- Claimant is "capable of lifting" and "carrying" "20 lbs. occasionally and 10 lbs. frequently"; "sitting for 6 hours, standing and walking for 4 hours combined"; and "can push/pull as much as she can lift/carry." *Id.* at 17.

- "Regarding manipulative limitations, [Claimant] can occasionally reach overhead on the left, and occasionally reach overhead on the right. For all other reaching she can reach frequently on the left; and can reach frequently on the right." *Id.*

5

- "Regarding postural limitations, [Claimant] can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, balance occasionally . . . , stoop occasionally, kneel occasionally, crouch occasionally, and crawl occasionally." *Id.*

- "Regarding environmental limitations, [Claimant] can never work at unprotected heights" or "around hazardous, moving mechanical parts." *Id.*

- "Regarding mental limitations, for understanding, remembering, and carrying out instructions, she can perform simple, routine tasks and make simple work-related decisions." *Id.*

- Claimant "can tolerate no more than occasional changes in a routine work setting." *Id.*

At step four, the ALJ determined that Claimant is unable to perform any past relevant work. *Id.* at 23. At step five, the ALJ determined that, given Claimant's "age, education, work experience," and RFC, "there were jobs that existed in significant numbers in the national economy that the claimant could have performed." *Id.* at 24. Accordingly, the ALJ determined that Claimant was not under a disability during the relevant period. *Id.* at 25.

## B. The Court Will Affirm the ALJ's Decision

Claimant contests whether the ALJ properly evaluated her "subjective complaints." Claimant Br. at 14. In particular, she argues that the "ALJ's finding lacks any analysis" of her statements and characterizes the ALJ's subjective symptoms determination as a "bald conclusion." *Id.* at 17; *see also id.* at 16 ("The ALJ's statement that the record could be expected to cause the claimed limitations, but that the record is more reflective of the RFC limitations than Plaintiff's testimony . . . ."); Reply Br. at 2 ("The ALJ's decision does not contain any comparison between

6

Plaintiff's testimony and the medical evidence, and a simple conclusion is not enough to comply with the regulatory requirements of SSR 16-3p.  There is no analysis to defer to.").

A claimant's statements about her pain or symptoms cannot alone establish that she is disabled.  20 C.F.R. § 404.1529(a).  Instead, the ALJ must consider the extent to which the claimant's self-reported symptoms "can reasonably be accepted as consistent with the objective medical evidence and other evidence."  *Rock v. Comm'r of Soc. Sec.*, No. 19-22237, 2021 WL 2177512, at *5 (D.N.J. May 28, 2021) (quoting 20 C.F.R. § 404.1529(a)).

The Social Security Administration's regulations provide a two-step process for an ALJ's evaluation of a claimant's self-reported symptoms.  First, "the ALJ must consider whether there is an underlying medically determinable impairment that could reasonably be expected to produce the claimant's symptoms."  *Christina L. v. Kijakazi*, No. 22-521, 2023 WL 5919303, at *4 (M.D. Pa. July 24, 2023), *report and recommendation adopted sub nom. Lopez v. Kijakazi*, No. 22-521, 2023 WL 5608402 (M.D. Pa. Aug. 30, 2023).  If so, "the ALJ must [then] evaluate the intensity, persistence, and limiting effects of the symptoms caused by the claimant's medically determinable impairments."  *Id.* at *5.  If an ALJ finds the claimant's subjective complaints inconsistent with the objective medical evidence, the ALJ may discount the complaints.  20 C.F.R. 404.1529(c)(4).  And although the ALJ must "seriously consider a claimant's subjective complaints, it is within the ALJ's discretion to weigh such complaints against the medical evidence, and to reject them."  *Susan W. v. Kijakazi*, No. 22-5765, 2023 WL 6366043, at *7 (D.N.J. Sept. 29, 2023) (quoting *Vanord v. Colvin*, No. 13-27, 2014 WL 585413, at *2 (W.D. Pa. Feb. 14, 2014)); *see also Garrett v. Comm'r of Soc. Sec.*, 274 F. App'x 159, 164 (3d Cir. 2008) ("Inconsistencies in a claimant's testimony or daily activities permit an ALJ to conclude that some or all of the claimant's testimony about her limitations or symptoms is less than fully credible.").

At her second hearing,[3] Claimant stated that she has "great difficulty standing and sitting" and cannot "walk for an extended period of time." R. at 49–50. She stated that she usually endures "pressure," but that she experiences "extreme pressure" when she sits or stands for a long period. *Id.* at 50. Moreover, she stated that this extreme pressure can cause "shooting, sharp pain up into [her] buttocks" and "thighs"—especially on her right side. *Id.* at 50–51; *id.* at 52 (testifying that she would have difficulty sitting through a meal with her family). Claimant also stated that she cannot "lie flat on [her] back" and must "lie in a fetal position . . . to be comfortable." *Id.* at 50. Moreover, she testified that she has "difficulty reaching for things" given the "[n]umbness in [her] hands" and "constant pressure." *Id.* at 50, 56; *see also id.* at 55 ("It . . . was my neck that was hurting, traveling into the shoulder, down into the arm, just making it difficult to reach out was painful to me. And like I said, just gripping things, I just still cannot get a tight grip on things. My fingers are constantly numb."). Claimant further stated that her pain makes "it hard [for her] to concentrate at times." *Id.* at 56.

In finding that Claimant's testimony was "not consistent with [other] evidence in the record," the ALJ did not err and therefore his decision was supported by substantial evidence. *Id.* at 18. First, the ALJ considered Claimant's testimony and found that her "medically determinable impairments reasonably could be expected to cause symptoms and limitations." *Id.*; *see Christina L.*, 2023 WL 5919303, at *4. Second, the ALJ compared Claimant's testimony to objective medical evidence in the record and found that "the extent that [she] alleges that the intensity,

---

[3] The subjective statements that Claimant argues the ALJ did not properly consider (which are recited herein) come from the hearing held on February 13, 2024. *See* Claimant Br. at 12 (citing R. at 50, 52–53, 55–60). However, Claimant explicitly stated that her testimony there described the "problems that [she was] having before . . . December 31, 2022." R. at 54. The Court also notes that the Commissioner characterizes this testimony as "similar" to her testimony at the hearing in April 2021 (*i.e.*, during the adjudicatory period). Comm'r Br. at 3.

persistence, and limiting effects of her conditions" was not "consistent with the evidence in the record." R. at 18. For instance, the ALJ found persuasive a "March 30, 2019[,] consultative report" by Dr. Mirseyed Mohit, MD, which stated that Claimant could "walk at a reasonable pace and does not use a handheld assistive device." R. at 21. The ALJ also noted that Claimant underwent a successful surgery in 2020 for "placement of a spinal cord stimulator, which treatment notes described as successful, and which reduced her pain to an extent." *Id.* at 19. The ALJ also observed that "[t]reatment notes indicate[d] improvement during the adjudicatory period, including treatment notes from December 2020 which stated that she was doing 'great with stim after reprogramming and stable with MMP and Topamax.'" *Id.* Moreover, the ALJ observed that physical therapy treatment notes indicated that "overall [she] is much better and pain is 3/10." *Id.* (alteration in original). The ALJ—citing hospital records, *id.* at 524–29—also indicated that "the claimant was often noted to have normal strength and sensation throughout the adjudicatory period." *Id.* at 19. And lastly, the ALJ, citing a 2019 psychological evaluation of Claimant, noted that Claimant's "concentration was good." *Id.* at 20.

Therefore, the Court rejects Claimant's contention that the ALJ's analysis of her testimony amounted to a "bald conclusion." Claimant Br. at 17–18. Instead, the ALJ considered Claimant's testimony against objective medical evidence and found her statements to be contradicted by several pieces of evidence, as noted above. As such, the Court sees no error to correct on appeal. *See Heather M. v. Dudek*, No. 23-2239, 2025 WL 834750, at *12–14 (E.D. Pa. Mar. 17, 2025); *Berthold v. Berryhill*, No. 17-6518, 2018 WL 5033754, at *5 (D.N.J. Oct. 17, 2018) (finding no error where the "ALJ noted an extensive history of clinical findings that were not consistent with the claimant's complaints"); *see also Carolyn S. v. Comm'r of Soc. Sec.*, No. 21-10858, 2022 WL 4550628, at *8 (D.N.J. Sept. 28, 2022) (noting that the ALJ was entitled to deference where there

was sufficient evidence in the record to support both the ALJ's conclusion and a contrary conclusion); *Jorge M. v. Kijakazi*, No. 21-13794, 2022 WL 4536267, at *8–10 (D.N.J. Sept. 28, 2022).

## IV.    CONCLUSION

For the foregoing reasons, the Court affirms the ALJ's decision.

Accordingly, for the reasons stated above, **IT IS** on this 13th day of March 2026;

**ORDERED** that the decision of the Commissioner of Social Security is hereby **AFFIRMED**; and it is further

**ORDERED** that the Office of the Clerk of the Court shall mark this matter closed.

**SO ORDERED.**

*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**
